IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DORETTA DENICE STANDIFER )
)
v. ) CV. NO. 98-CO-8049-S
) CR. NO. 93-CO-152-S
UNITED STATES OF AMERICA )

MEMORANDUM OF DECISION

Doretta Denise Standifer was indicted together with fifteen co-defendants in an eighty-seven count indictment alleging a wide-ranging continuing criminal enterprise to distribute unlawful controlled substances, money laundering and discrete acts of distribution. The trial, sentencing and related proceedings of the action are contained in nineteen volumes of pleadings and eighteen expandable folders of transcripts and exhibits. (See doc. #1177). Ms. Standifer was charged in only count two of the indictment which alleged an extensive conspiracy to possess and distribute controlled substances in Alabama, California and elsewhere. On July 5, 1994 Ms. Standifer was sentenced to a term of imprisonment of 235 months. Ms. Standifer's conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals on January 8, 1998. In the unpublished opinion the Eleventh Circuit noted the decade long conspiracy to distribute principally cocaine. Defendant Doretta Standifer was an associate and former girlfriend of Anthony Stutson, one of the leaders of the continuing criminal enterprise. The Circuit Court took note of the fact that eight of the defendants, including Doretta Standifer, testified on their own behalf. All thirteen defendants were convicted of conspiracy. The court concluded that there was no question of the sufficiency of the evidence and considered and rejected all arguments remaining, including those not specifically addressed in the unpublished opinion. (See September 19, 1997 unpublished opinion issued as a mandate January 1998).

Ms. Standifer has filed what is deemed to be a petition for relief pursuant to the provisions of 28 U.S.C. § 2255. (See doc. #45). The "petition" is actually set forth in a series of "pleadings," submissions and exhibits which raise issues related to the 2255 petition and also address matters clearly unrelated to Ms. Standifer or the relief she seeks. (See e.g., docs. #1045, redocketed following amendment April 14, 1999; #1027/1028, #996/995, #1077, #1100/1099, #1032 and "Memorandum and Points of Law, doc. #1029).

Ms. Standifer makes three claims in her initial petition and later amended her petition to add an *Apprendi* claim.

Claim One: "The sentencing judge did not charge me with perjury but 'took it upon himself to give me an additional seven years for [perjury.]'"

The Federal Sentencing Guideline range available to the district court at the time of sentencing was 188 months to 235 months. The district court held extensive sentencing hearings to consider, *inter alia*, the attribution of quantity of controlled substances to the individual defendants. The court also considered requests for downward departure from a number of defendants, including Ms. Standifer. During the June 28, 1994 sentencing proceeding the district court, after considering the written objections to the presentence investigation report by Ms. Standifer, concluded that the amount of cocaine attributed to Ms. Standifer included "three to four kilograms of cocaine placed in a suitcase she brought to Birmingham, Alabama. Two additional trips in July of 1989 in which Ms. Standifer transported seven kilograms of cocaine." The court found at least 18 kilograms of cocaine were attributable to Ms. Standifer based upon the testimony of witnesses. The district court found that although the probation office had recommended a two-point reduction based on a lesser role for the overall offense that she was not a minor participant. Related to her § 2255 claim it was the district court's conclusion that

> As for obstruction of justice, the simple fact is I believe and I find she perjured herself. She is perfectly free to testify, but she wasn't free to be untruthful and having elected to take the stand and under oath to be untruthful and to commit perjury, I think she must be given the additional two points for obstruction of justice. If my figures are correct, I figure a base offense level of 34 upon 18 kilograms of powder cocaine and the two point adjustment upward, of offense level of 36....

(Doc. #873, p.7).

Ms. Standifer appears to confuse the court's decision of not to award a downward departure and to adjust the offense level upward by two levels because of her obstruction of justice. United States Sentencing Guideline § 3C1.1 provides for a two-level enhancement for defendants who "wilfully obstruct [ ] or impeded [ ], or attempt [ ] to obstruct or impeded, the administration of justice during the course of investigation, prosecution, or sentencing of the instant offense of conviction...." A defendant may obstruct or impede justice by "committing, suborning, or attempting to suborn perjury." U.S.S.G. § 3C1.1 comment (n.4(b)).  The United States Supreme Court has made clear that perjury for the purposes of applying the sentencing guideline enhancement is "false testimony concerning a material matter with the wilful intent to provide false testimony, rather than as the result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). When applying this enhancement "the district court [should] make specific findings as to each alleged instance of obstruction by identifying the materially false statements individually ...." *United States v. Arguedas*, 86 F.3d 1054, 1059 (11th Cir. 1996). "[A] general finding that an enhancement is warranted suffices if it encompasses all of the factual predicates necessary for a perjury finding." *United States v. Lewis*, 115 F.3d 1531, 1538 (11th Cir. 1997). Due deference is given to the district court's application of the guidelines to the facts. *United States v. Yount*, 960 F.2d 955, 956 (11th Cir. 1992). A review of the sentencing proceeding clearly establishes that the district court specifically

identified Ms. Standifer's false testimony. These findings include her false statement that she has "no knowledge" of controlled substances. The district court credited the testimony of three witnesses, each of whom testified that the defendant was a willing participant in the transportation of in excess of 18 kilograms of cocaine from California to Alabama.

Contrary to Ms. Standifer's assertion she was not "convicted" of perjury nor sentenced for perjury, the district court properly denied her request for downward departure and equally properly made a two level upward adjustment following the requisite findings to implicate U.S.S.G. 3C1.1 Ms. Standifer is not entitled to relief on this claim.

Ground Two: <u>An Alleged Violation of a Fifth Amendment Right</u>

The claim is actually predicated upon Ms. Standifer's assumption that the three witnesses who testified against her were unbelievable and therefore the district court and the jury lacked a factual basis for adjudicating her guilt. This matter was expressly addressed by the Eleventh Circuit Court of Appeals in concluding that there was sufficient evidence to sustain the conviction of all defendants.

Ground C:     <u>"Ineffective Assistance of Counsel on Pre-Sentencing"</u>

Ms. Standifer argues that her attorney never informed her of the "importance" of the presentence report. The sentencing transcript clearly reveals that Ms. Standifer's attorney argued vigorously to avoid the attribution of substantial quantities of controlled substances to Ms. Standifer. Despite the written and oral objections, the district court concluded that at least 18 kilograms of cocaine was attributed to the defendant. This matter was raised on appeal and the sentence affirmed by the Eleventh Circuit Court of Appeals. There is simply no constitutional procedural error presented by Ms. Standifer's oft amended petition.

The *Apprendi* Claim

The government is correct in it assertion that Ms. Standifer's "*Apprendi*" claim is procedurally barred.  See *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000).  Moreover, however, the issue is foreclosed as a matter of Circuit precedent.

In *McCoy v. United States*, 266 F.3d 1245, 1247 (11th Cir. 2001), *cert. denied,* ____ U.S. ____, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002) the Eleventh Circuit Court of Appeals acknowledged that where the movant is bringing the first § 2255 motion, as here, *In re Joshua* does not apply because *Joshua* involved a successive § 2255.  Nevertheless, the Eleventh Circuit Court of Appeals held that, under *Teague v. Lane*, 489 U.S. 288 (1989) *Apprendi* does not apply retroactively to cases in which the conviction became final before the *Apprendi* decision was released on June 29, 2000.  See *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001); *Hamm v. United States*, 269 F.3d 1247 (2001), *cert. denied,* ____ U.S. ____, 122 S.Ct. 2375, 153 L.Ed.2d 194 (2002); *Kaufmann v. United States*, 282 F.3d 1336 (2002), ____ U.S. ____, 123 S.Ct. 287, 154 L.Ed.2d 127 (2002).  The *Teague* bar applies even where, as here, the movant is bringing her first § 2255 motion.  *Id*.  Further, "the *Teague* bar applies without regard to the merits of the underlying claim." *Hamm*, 269 F.3d at 1250.  Because petitioner's conviction became final no later than January 7, 1998 when the appellate court issued the mandate affirming Ms. Standifer's conviction and sentence, see *Hamm v. United States*, 269 F.3d at 1249, and, therefore, was final prior to the June 29, 2000 *Apprendi* decision, *Apprendi* does not apply retroactively to petitioner.  In the Sixth Amendment context, *Apprendi* could not have been anticipated in light of Eleventh Circuit precedent.  *United States v. Sanchez*, 269 F.3d 1250, 1280 (11th Cir. 2001).[1]

---

[1] Prior to *Blakely*, the Circuit Courts of Appeals unanimously rejected the application of *Apprendi* to guideline factors, concluding that a guideline factor unrelated to statutory maximums need not be submitted to a jury. *United States v. Baltas*, 236 F.3d 27, 40-41 (1st Cir. 2001); *United States v. Williams*, 235 F.3d 858, 863-64

Also as noted by the Eleventh Circuit in *United States v. Sanchez*, 269 F.3d 1250, 1271 (11th Cir. 2001), *cert. denied,* 535 U.S. 942 (2002) the Eleventh Circuit concluded that "a district court's drug quantity finding and utilization of one of the 841(b)(1)(A) and 841(b)(1)(B) sentencing schemes in § 841 cases in no manner violates *Apprendi* unless the actual sentence ultimately imposed exceeds that catch all maximum penalty in 841(b)(1)(C)." See also *United States v. Hester*, 287 F.3d 1355 (11th Cir. 2002), *cert. denied,* 537 U.S. 966 (2002).  Ms. Standifer was eligible for a sentence of ten years to life.

After consideration of the petition, the positions of the parties and the applicable law, Ms. Standifer's motion for relief pursuant to 28 U.S.C. § 2255 is due to be and the same is hereby DENIED in its entirety.

As to the foregoing it is SO ORDERED.

Done this 30th day of March 2005.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
105854

---

(3d Cir. 2000); *United States v. Angle*, 255 F.3d 514, 519 (4th Cir. 2001); *United States v. Doggett*, 230 F.3d 160, 164-65 (5th Cir. 2000); *United States v. Corrado*, 227 F.3d 528, 542 (6th Cir. 2000); *United States v. Nance*, 236 F.3d 820, 826 (7th Cir. 2000); *United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir. 2000); *United States v. Hernandez-Guardado*, 228 F.3d, 1017, 1026-27 (9th Cir. 2000); *United States v. Heckard*, 238 F.3d 1235-36 (10th Cir. 2001); *United States v. Nealy*, 232 F.3d 825, 829 n.3 (11th Cir. 2000).